## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY BARASKY,<br>1534 Louisa Street<br>Williamsport, PA 17701<br>       *Plaintiff*<br><br>v.<br><br>KEVIN DENT<br>*In his individual and official capacity*<br>48 W. 3rd St.<br>Williamsport, PA 17701<br><br>TYSON HAVENS<br>*In his individual and official capacity*<br>48 W. 3rd St.<br>Williamsport, PA 17701<br><br>JOSHUA BELL<br>*In his individual and official capacity*<br>245 W. 4th St.<br>Williamsport, PA 17701<br><br>CLINTON GARDNER<br>*In his individual and official capacity*<br>245 W. 4th St.<br>Williamsport, PA 17701<br><br>CHRISTOPHER KRINER<br>*In his individual and official capacity*<br>1951 Green Ave., Ste. 2<br>Williamsport, PA 17701<br><br>JOSEPH HOPE<br>*In his individual and official capacity*<br>1951 Green Ave., Ste. 2<br>Williamsport, PA 17701 | JURY TRIAL DEMANDED<br><br>CIVIL ACTION<br><br>CASE NO.<br><br><br>**COMPLAINT**<br><br><br>ELECTRONICALLY FILED |

1

LYCOMING COUNTY
48 W. Third St.
Williamsport, PA 17701

OLD LYCOMING TOWNSHIP
1951 Green Ave.
Williamsport, PA 17701

CITY OF WILLIAMSPORT
245 W. 4th St.
Williamsport, PA 17701

    *Defendants*.

## COMPLAINT

### I. INTRODUCTION

1.  This is an action for damages brought under 42 U.S.C. §§ 1983, 1988, the Fourth Amendment, the Fourteenth Amendment and for violations of Pennsylvania State law.

### II. JURISDICTION AND VENUE

2.  The foregoing paragraphs are incorporated herein by reference.

3.  This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, the Fourth Amendment, and the Fourteenth Amendment to the United States Constitution. Jurisdiction is based upon 28 U.S.C. § 1331 and the previously mentioned statutory and Constitutional provisions.

4.  Plaintiff invokes this Court's supplemental jurisdiction under 28 U.S.C. § 1367 to hear and decide claims under state law as the state law

claims are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper under 28 U.S.C. § 1391 in this Court because the conduct complained of occurred here and at least one defendant resides here.

## III. **PARTIES**

6.      The foregoing paragraphs are incorporated herein by reference.

7.      Anthony Barasky ("Plaintiff") is an adult individual and resides at 1534 Louisa Street, Williamsport, PA 17701.

8.      Kevin Dent ("Det. Dent") is, and was at all times relevant to this complaint, a detective employed by the Lycoming County District Attorney's Office Narcotic Enforcement Unit and acting under color of state law. Detective Dent was the commanding officer and/or supervisor for the other Defendants and/or individuals that conducted the unconstitutional activity as alleged *infra* and was responsible for their training, supervision and conduct. He also was responsible by law for enforcing the regulations and/or policies of the Lycoming County District Attorney's Office Narcotic Enforcement Unit and ensuring that all individuals under his supervision and/or authority obeyed the laws of the United States and Commonwealth of Pennsylvania. At all relevant times, Det. Dent was acting in such capacity as the agent,

servant, and employee of Lycoming County and the Lycoming County District Attorney's Office Narcotic Enforcement Unit. This suit is against Det. Dent in his individual and official capacity.

9.     Tyson Havens ("Det. Havens") is, and was at all times relevant to this complaint, a detective employed by the Lycoming County District Attorney's Office Narcotic Enforcement Unit and acting under color of state law. At all relevant times, Det. Havens was acting in such capacity as the agent, servant, and employee of Lycoming County and the Lycoming County District Attorney's Office Narcotic Enforcement Unit. This suit is against Det. Havens in his individual and official capacity.

10.     Joshua Bell ("PO Bell") is, and was at all times relevant to this complaint, a police officer employed by the City of Williamsport and the Williamsport Bureau of Police ("WBP") and working in conjunction and/or cooperation with Lycoming County and the Lycoming County District Attorney's Narcotic Enforcement Unit and acting under color of state law. At all relevant times, PO Bell was acting in such capacity as the agent, servant, and employee of the City of Williamsport, Lycoming County, and the Lycoming County District Attorney's Office Narcotic Enforcement Unit. This suit is against PO Bell in his individual and official capacity.

4

11.     Clinton Gardner ("PO Gardner") is, and was at all times relevant to this complaint, a police officer employed by the City of Williamsport and the WBP and working in conjunction and/or cooperation with Lycoming County and the Lycoming County District Attorney's Narcotic Enforcement Unit and acting under color of state law. At all relevant times, PO Gardner was acting in such capacity as the agent, servant, and employee of the City of Williamsport, Lycoming County, and the Lycoming County District Attorney's Office Narcotic Enforcement Unit. This suit is against PO Gardner in his individual and official capacity.

12.     Christopher Kriner ("PO Kriner") is, and was at all times relevant to this complaint, a police officer employed by Old Lycoming Township and the Old Lycoming Township Police Department ("OLTPD") and working in conjunction and/or cooperation with Lycoming County and the Lycoming County District Attorney's Narcotic Enforcement Unit and acting under color of state law. At all relevant times, PO Kriner was acting in such capacity as the agent, servant, and employee of Old Lycoming Township, Lycoming County, and the Lycoming County District Attorney's Office Narcotic Enforcement Unit. This suit is against PO Gardner in his individual and official capacity.

13.     Joseph Hope ("Chief Hope") is, and was at all times relevant to this complaint, the Chief of Police for the OLTPD and an employee of the OLTPD and Old Lycoming Township and working in conjunction and/or cooperation with Lycoming County and the Lycoming County District Attorney's Narcotic Enforcement Unit and acting under color of state law. Chief Hope was the commanding officer and/or supervisor for PO Kriner, PO Engel, and PO Brown during the unconstitutional activity as alleged *infra* and was responsible for their training, supervision and conduct. He also was responsible by law for enforcing the regulations and/or policies of Old Lycoming Township, the Lycoming County District Attorney's Office Narcotic Enforcement Unit and ensuring that all individuals under his supervision and/or authority obeyed the laws of the United States and Commonwealth of Pennsylvania. At all relevant times, Chief Hope was acting in such capacity as the agent, servant, and employee of Old Lycoming Township, Lycoming County, and the Lycoming County District Attorney's Office Narcotic Enforcement Unit. This suit is against Chief Hope in his individual and official capacity.

14.     The City of Williamsport is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs, and controls the WBP.

15.    Old Lycoming Township is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs, and controls the Old Lycoming Township Police Department.

16.    At all relevant times hereto, and in their actions and inactions, Defendants were acting alone and in concert under color of state law.

17.    At all relevant times hereto, Det. Dent and Det. Havens were acting directly or indirectly on behalf of Lycoming County.

18.    At all relevant times hereto, PO Bell and PO Gardner were acting directly or indirectly on behalf of Lycoming County and the City of Williamsport.

19.    At all relevant times hereto, PO Kriner and Chief Hope were acting directly or indirectly on behalf of Lycoming County and Old Lycoming Township.

20.    At all relevant times hereto, Det. Dent and Det. Havens were acting in the course and scope of their agency, authority, and/or employment with Lycoming County and under color of state law.

21.    At all relevant times hereto, PO Bell and PO Gardner were acting in the course and scope of their agency, authority, and/or employment with Lycoming County and the City of Williamsport and under color of state law.

22.     At all relevant times hereto, PO Kriner and Chief Hope were acting in the course and cope of their agency, authority, and/or employment with Lycoming County and Old Lycoming Township and under color of state law.

23.     Lycoming County employed Det. Dent and Det. Havens at all times relevant hereto.

24.     WBP employed PO Bell and PO Gardner at all times relevant hereto.

25.     OLTPD employed Chief Hope and PO Kriner at all times relevant hereto.

26.     All Defendants worked in concert and coordination with each other at all times relevant hereto.

27.     Det. Dent was the acting ranking Lycoming County detective and/or employee for Lycoming County on duty during the time periods relevant to this complaint. Det. Dent was also in charge of this investigation and supervising every other Defendant. Therefore, Det. Dent was supervising and/or in charge of the conduct of his subordinates, including, but not limited to, all Defendants named in this action.

28.     Chief Hope was the acting ranking Chief of Police and/or employee for Old Lycoming Township on duty during the time periods

relevant to this complaint. Therefore, Chief Hope was supervising and/or in charge of the conduct of his subordinates, including, but not limited to, PO Kriner.

29.     PO Gardner and PO Bell were the acting ranking officers and/or employees for the City of Williamsport on duty during the time periods relevant to this complaint. Therefore, PO Gardner and PO Bell were supervising and/or in charge of the conduct of their subordinates.

30.     Defendants acted in concert when deciding to engage in the conduct described herein and in conducting the unconstitutional activity as described in detail *infra*.

31.     Defendants are jointly and severally liable for the injuries and damages suffered by Plaintiff as set forth fully below.

## IV. <u>STATEMENT OF CLAIM</u>

32.     The foregoing paragraphs are incorporated herein by reference.

33.     On October 2, 2020, PO Bell, PO Gardner, Chief Hope, PO Kriner, and Det. Havens initiated a traffic stop on the vehicle Plaintiff was driving at the direction of Det. Dent.

34.     Prior to the traffic stop, Det. Dent arrested Matthew Thomas Sumpter for illegally selling suboxone.

35.     During that arrest, Mr. Sumpter requested to work with Det. Dent as a confidential informant to reduce and/or eliminate the charges Mr. Sumpter would face.

36.     Mr. Sumpter used heroin on October 2, 2020.

37.     Mr. Sumpter was under the influence of heroin on October 2, 2020.

38.     Mr. Sumpter informed Det. Dent that he allegedly previously purchased heroin from Plaintiff and could do so again.

39.     At Det. Dent's direction, Mr. Sumpter contacted a person who Mr. Sumpter alleged was Plaintiff to purchase heroin.

40.     Det. Dent did not know Plaintiff's voice at this time and was unable to identify Plaintiff in communications with Mr. Sumpter aside from Mr. Sumpter's uncorroborated statements.

41.     Prior to this, Mr. Sumpter had never worked as a confidential informant and had never provided information to the police.

42.     Det. Dent also knew Mr. Sumpter had four (4) *crimen falsi* convictions prior to asking him to act as a confidential informant that included burglary, retail theft, theft from a motor vehicle, and access device fraud.

43.     Mr. Sumpter made an agreement with the person he contacted to purchase three (3) grams of fentanyl and no price was discussed.

44.     Plaintiff was driving in Old Lycoming Township on October 2, 2020.

45.     Plaintiff did not arrive at any alleged meeting location for the alleged drug sale with the confidential informant.

46.     Defendants stopped Plaintiff's vehicle without him reaching any type of meeting location.

47.     Plaintiff committed no traffic violations prior to the vehicle stop.

48.     Plaintiff was immediately arrested by Det. Havens, PO Bell, PO Gardner, Chief Hope, and PO Kriner.

49.     Defendants also searched Plaintiff's vehicle and Plaintiff's person.

50.     Defendants found no controlled substances in Plaintiff's vehicle or on his person.

51.     Det. Havens and Det. Dent conducted a warrantless search of a cell phone found during the traffic stop of Plaintiff's vehicle.

52.     Defendants subsequently obtained a search warrant for Plaintiff's vehicle.

53.     No controlled substances or contraband were found during the search of the vehicle.

54.     Plaintiff was taken to the Lycoming County Prison and incarcerated after his arrest.

55.     Plaintiff was forced into a dry cell so police could search his excrement and monitor Plaintiff to discover if he ingested any controlled substances.

56.     PO Bell specifically contacted the Lycoming County Prison to ensure that Plaintiff was segregated in a dry cell so that he could be subject to further searches.

57.     No controlled substances or contraband were found while Plaintiff was segregated in a dry cell.

58.     No controlled substances or contraband were ever found.

59.     Despite this undeniable lack of evidence, Det. Dent charged Plaintiff with one count of Criminal Use of a Communication Facility, 75 Pa.C.S. § 7512(a), graded as a felony of the third degree.

60.     Plaintiff's bail was set at $85,000.00 secured.

61.     Plaintiff could not afford his bail and was incarcerated as a result.

62.     Plaintiff was incarcerated as a result of the charge filed by Det. Dent until May 19, 2021 when Plaintiff's bail was changed to $50,000.00 unsecured by the Lycoming County Court of Common Pleas.

63.     Therefore, Plaintiff was incarcerated for two hundred and twenty nine (229) days as a result of his false arrest and the unjustified criminal charge.

64.     During this period of incarceration, Plaintiff suffered innumerable harms, including, but not limited to, having to withdraw from the college he was attending without receiving a refund or being able to complete his classes, rent payments for an apartment he could not use but could not stop paying without suffering further financial harm, defaulting on numerous credit agreements, costs of being incarcerated at the Lycoming County Prison, loss of employment, loss of freedom, potential life threatening exposure to COVID-19 during an outbreak at the Lycoming County Prison, reputational harm, damages and fees for the rental car he was driving that was illegally seized by police, damage to his credit score, attorneys fees, and losing two hundred and twenty nine (229) days of his life due to his unlawful incarceration.

65.     On June 25, 2021, the Honorable President Judge Nancy L. Butts of the Lycoming County Court of Common Pleas dismissed the one count of criminal use of a communication facility after a hearing and granted the suppression of evidence based upon the unconstitutional arrest and

seizure of Plaintiff and the unconstitutional search of the vehicle, Plaintiff's person and phone.

66.     The actions of Defendants were committed deliberately, intentionally, willfully, wantonly, and constitute conduct so egregious as to shock the conscience.

67.     The actions of Defendants were in callous disregard of Plaintiff's constitutional rights.

68.     These facts are demonstrated by, among other things, Defendants arresting Plaintiff without probable cause, arresting Plaintiff based solely on the word of a person they just arrested for selling drugs that had four (4) *crimen falsi* convictions, conducting no investigation to determine if Mr. Sumpter was actually speaking with Plaintiff, and continuing to pursue criminal charges and Plaintiff's incarceration despite knowing that the charges were baseless.

### *Count I – 42 U.S.C. § 1983 Claim for False Arrest*

69.     The foregoing paragraphs are incorporated herein by reference.

70.     The Defendants in this case are persons within the meaning of 42 U.S.C. § 1983.

71.     At all relevant times, the Defendants were acting under color of law within the meaning of 42 U.S.C. § 1983.

72.     While acting under color of law, Defendants caused Plaintiff to be subjected to a deprivation of rights, liberties, and immunities secured by the Constitution. Namely, Defendants caused Plaintiff to be deprived of the rights, liberties, and immunities that he is granted under the Fourth Amendment, Fourteenth Amendment, and Pennsylvania Constitution.

73.     Plaintiff was immediately arrested after the seizure of his automobile on October 2, 2020 by Defendants.

74.     No probable cause existed to arrest Plaintiff for committing any crime on October 2, 2020.

75.     Defendants had no probable cause to believe Plaintiff committed a crime when Plaintiff's automobile was seized and he was placed under arrest.

76.     Defendants had no warrant to arrest Plaintiff on October 2, 2020.

77.     All of the facts and circumstances, as described above, within Defendants' knowledge at the time of Plaintiff's arrest demonstrated that no probable cause existed to arrest him for any crime.

78.     Defendants falsely arrested Plaintiff on October 2, 2020.

79.     Plaintiff suffered damages as described *supra* as a result of this unconstitutional arrest.

80.     It is the policy or custom of Lycoming County, Old Lycoming Township, and the City of Williamsport to fail to train and supervise municipal employees on how to properly decide if probable cause exists to place someone under arrest.

81.     It is the policy or custom of Lycoming County, Old Lycoming Township, and the City of Williamsport to fail to train and supervise municipal employees on when confidential informants can be reliable enough to establish probable cause.

82.     In this case, the need for more or different training regarding when probable cause exists to place an individual under arrest, when a confidential informant is reliable enough to establish probable cause, and when an arrest is unconstitutional is obvious and the lack of this training is very likely to result in constitutional violations and, in fact, did result in constitutional violations in this case.

83.     The need for more or different training is obvious since members of the Lycoming County District Attorney's Narcotic Enforcement Unit, WBP, and OLTPD routinely interact with and arrest individuals suspected of crimes, including but not limited to drug crimes, and routinely utilize confidential informants.

84.     Municipal policymakers for Lycoming County, including but not limited to, Det. Dent, knew that their employees, servants, or agents, specifically individuals working with or on the Lycoming County District Attorney's Narcotic Enforcement Unit, would confront situations where a person would be arrested for a suspected crime and where confidential informants would be utilized.

85.     There is a history of municipal employees, such as the named Defendants, mishandling arrests and confidential informants leading to unconstitutional arrests and prosecutions or making difficult decisions in determining when probable exists for an arrest or when a confidential informant can establish probable cause for an arrest. This averment is likely to have evidentiary support after a reasonable opportunity for discovery.

86.     If a municipal employee makes the wrong choice in the above-described situations, a deprivation of constitutional rights will result because an unconstitutional arrest and prosecution in violation of the Fourth Amendment, Fourteenth Amendment, and Pennsylvania Constitution will be conducted.

87.     Det. Dent trained and/or supervised Defendants on the policies or customs described above.

88.     Chief Hope trained and/or supervised PO Kriner on the policies or customs described above.

89.     Because of the above-described policies and customs, Plaintiff suffered a deprivation of liberty under the Fourth Amendment, Fourteenth Amendment, and Pennsylvania Constitution through an unconstitutional false arrest and malicious prosecution.

90.     Det. Dent ratified the actions of his subordinates, including but not limited to Det. Havens, PO Bell, PO Gardner, PO Kriner, and Chief Hope, in this case by making the decisions on how to proceed during the above-described situation and/or knowing of and approving of the decisions made during the above-described situation. Therefore, Det. Dent must have been aware of the customs or policies established by his subordinates and adopted those customs or policies by ratifying their actions.

91.     Pennsylvania's Constitution provides that the right to reputation is a fundamental right and cannot be infringed upon. *In re J.B.*, 107 A.3d 1, 16 (Pa. 2014) ("This Court has recognized that the right to reputation . . . is a fundamental right under the Pennsylvania Constitution.")(citing *R. v. Commonwealth, Dep't of Pub. Welfare,* 636 A.2d 142, 149 (Pa. 1994); *Hatchard v. Westinghouse Broadcasting Co.,* 532 A.2d 346, 351 (Pa.

1987); *Moyer v. Phillips,* 341 A.2d 441, 443 (1975); *Meas v. Johnson,* 39 A. 562, 563 (Pa. 1898)).

92.      Plaintiff's reputation has been damaged because of Defendants' unconstitutional actions.

93.      At the time of the unconstitutional arrest, it was clearly established that probable cause or a warrant supported by probable cause was required to arrest Plaintiff for a crime.

94.      A reasonable person would have realized that no probable cause existed to arrest Plaintiff in this case.

**WHEREFORE**, Plaintiff demands judgment against Defendants for actual damages, costs, attorney's fees, and punitive damages.[1]

### *Count II – 42 U.S.C. § 1983 Claim for Malicious Prosecution*

95.      The foregoing paragraphs are incorporated herein by reference.

96.      Det. Dent initiated criminal proceedings against Plaintiff on October 2, 2020.

97.      The criminal proceedings thereafter terminated in Plaintiff's favor on June 25, 2021 when the Honorable President Judge Nancy L. Butts of

---

[1] Plaintiff only asserts the punitive damages claim against Det. Dent, Det. Havens, PO Bell, PO Gardner, PO Kriner, and Chief Hope in their individual capacity. Plaintiff does not assert the punitive damages claim against the City of Williamsport, Old Lycoming Township, or Lycoming County since punitive damages cannot be obtained when a lawsuit under 42 U.S.C. § 1983 is brought against an individual in their official capacity.

the Lycoming County Court of Common Pleas dismissed the only charge filed against Plaintiff.

98.     The criminal proceedings were initiated without probable cause because neither Det. Dent, nor any other person, had enough evidence to charge Plaintiff with Criminal Use of a Communication Facility.

99.     Criminal Use of a Communication Facility is defined as follows: "A person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under [the Crimes Code] or under . . . The Controlled Substance, Drug, Device and Cosmetic Act." 18 Pa.C.S. § 7512(a).

100.    In this case, it is undeniable that no crime was actually committed, caused or facilitated.

101.    "'If the underlying felony never occurs, then Appellant [has] facilitated nothing and cannot be convicted under § 7512.'" *Commonwealth v. Oliver*, 237 A.3d 1049 (Table) (Pa.Super. 2020) (quoting *Commonwealth v. Moss*, 852 A.2d 374, 382 (Pa.Super. 2004)).

102.    Therefore, Defendants could only rely on the attempted commission of a felony to establish probable cause.

103.     Criminal attempt is defined as follows: "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901(a).

104.     In this case, as described *supra*, Defendants had no evidence that Plaintiff was the person on the phone with Mr. Sumpter aside from Mr. Sumpter's uncorroborated statements made while under the influence of heroin, being actively arrested, and with four prior *crimen falsi* convictions.

105.     Additionally, Defendants found no drugs or other contraband during their investigation.

106.     Finally, Plaintiff was not at a meeting location prearranged with Mr. Sumpter and had not taken any actions to deliver a controlled substance to Mr. Sumpter.

107.     Therefore, Defendants had no probable cause to pursue criminal charges against Plaintiff.

108.     Defendants acted maliciously or for a purpose other than bringing Plaintiff to justice. This is evidenced by, among other things, the following: (1) the filing of criminal charges against a person allegedly going to deliver a controlled substance when no controlled substances were found or observed; (2) relying solely on the word of a person who was being

arrested for selling a controlled substance, was actively under the influence of heroin, had never provided information to the police or worked as a confidential informant before, and who had four known prior *crimen falsi* convictions; (3) failing to conduct any investigation into whether Mr. Sumpter was in fact telling the truth prior to arresting and prosecuting Plaintiff; and (4) refusing to dismiss the charges against Plaintiff despite knowing that no contraband was ever found and no crime was committed.

109.     Plaintiff suffered a deprivation of liberty consistent with the concept of a seizure under the Fourth Amendment because he could not afford his monetary bail and was incarcerated for several months.

110.     As a result of the above-described events, Plaintiff incurred actual damages as described *supra*.

111.     At the time Det. Dent filed the criminal complaint against Plaintiff, it was clearly established that no probable cause existed to charge Plaintiff with Criminal Use of a Communication Facility and therefore, any prosecution would amount to a violation of Plaintiff's rights.

112.     A reasonable person would have realized that Det. Dent was not permitted to charge and prosecute Plaintiff because no probable cause existed.

**WHEREFORE**, Plaintiff demands judgment against Defendants for actual damages, costs, attorney's fees, and punitive damages.

### Count III – 42 U.S.C. § 1983 Claim for Unconstitutional Conspiracy

113.     The foregoing paragraphs are incorporated herein by reference.

114.     The Defendants entered into a conspiratorial agreement prior to Plaintiff being subjected to the unconstitutional arrest and prosecution as described *supra*.

115.     The agreement between Defendants was to seize Plaintiff and immediately arrest him without probable cause and based solely on the word of a confidential informant who was just arrested for selling drugs, was under the influence of heroin, and had four prior *crimen falsi* convictions.

116.     Defendants knew that no probable cause existed to arrest and prosecute Plaintiff but nonetheless agreed to arrest Plaintiff and prosecute him for crimes without probable cause.

117.     The conspiracy began, at the latest, on October 2, 2020 when Det. Dent gave the orders to stop Plaintiff's vehicle.

118.     The conspiracy ended, at the latest, when the charges in this case were dismissed.

119.     The purpose of this unconstitutional conspiracy was to arrest, prosecute, and incarcerate Plaintiff without probable cause.

120.    Defendants took action to achieve the purpose of this unconstitutional conspiracy by seizing Plaintiff as described *supra* and prosecuting Plaintiff as described *supra* without probable cause.

**WHEREFORE**, Plaintiff demands judgment against Defendants for actual damages, costs, attorney's fees, and punitive damages.

### *Count IV – False Imprisonment*

121.    The foregoing paragraphs are incorporated herein by reference.

122.    Defendants in this case intentionally detained Plaintiff without probable cause.

123.    Defendants unlawfully detained Plaintiff for Criminal Use of a Communication Facility because no adequate evidence supported a belief that probable cause existed to arrest Plaintiff.

124.    Plaintiff suffered damages as described *supra* as a result of Defendants falsely imprisoning him.

**WHEREFORE**, Plaintiff demands judgment against Defendants for actual damages, costs, and punitive damages.

### *Count V – Jury Trial Demand*

125.    The foregoing paragraphs are incorporated herein by reference.

126.    Plaintiff hereby demands a jury trial.

**WHEREFORE**, Plaintiff demands judgment against Defendants for

a. Actual damages;

b. Punitive damages;

c. Attorney's fees;

d. Costs;

e. Interest; and

f. Any further relief that the Court deems just and proper.

Respectfully Submitted,

*/s/ Leonard Gryskewicz, Jr.*
Leonard Gryskewicz, Jr.
Attorney for Plaintiff
PA321467
Lampman Law
2 Public Sq.
Wilkes-Barre, PA 18701
Phone: (570) 371-3737
Fax: (570) 371-3838


*/s/ David V. Lampman, II*
David V. Lampman, II
Attorney for Plaintiff
PA93332
Lampman Law
2 Public Sq.
Wilkes-Barre, PA 18701
Phone: (570) 371-3737
Fax: (570) 371-3838