## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY BARASKY,<br>　　　　　*Plaintiff*<br><br>v.<br><br>KEVIN DENT, TYSON HAVENS,<br>JOSHUA BELL, CLINTON<br>GARDNER, CHRISTOPHER<br>KRINER, JOSEPH HOPE,<br>LYCOMING COUNTY, OLD<br>LYCOMING TOWNSHIP, and CITY<br>OF WILLIAMSPORT<br><br>　　　　　*Defendants.* | JURY TRIAL DEMANDED<br><br>CIVIL ACTION<br><br>CASE NO. 4:21-cv-02041<br><br><br>**BRIEF IN OPPOSITION**<br><br><br>ELECTRONICALLY FILED |

## BRIEF IN OPPOSITION TO JOSHUA BELL, CLINTON GARDNER, AND THE CITY OF WILLIAMSPORT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

i

# I. Table of Contents

**II. Table of Authorities** ............................................................................. iii

**III. Procedural History** ............................................................................ 1

**IV. Statement of Facts** ............................................................................. 1

**V. Questions Presented** ......................................................................... 4

**VI. Argument** .......................................................................................... 5

*A. Plaintiff did sufficiently plead the personal involvement of Bell and Gardner.* .................................................................................... 6

*B. Bell and Gardner had no probable cause existed to arrest Plaintiff.* ... 10

*C. Plaintiff pled facts to establish an unconstitutional conspiracy.* ......... 14

*D. Count V of the Second Amended Complaint is an appropriate way to preserve claims for appellate review under Third Circuit precedent.* ...... 18

**VII. Conclusion** ....................................................................................... 20

**CERTIFICATION OF COUNSEL** ........................................................... 21

## II. Table of Authorities

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009). ......................................................5

*Beck v. Prupis*, 529 U.S. 494 (2000) .........................................................14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................5

*Boykins v. Ambridge Area School District*, 621 F.2d 75 (3d Cir. 1980) ........6

*Carbone v. City of New Castle*, 2016 WL 406291 (W.D. Pa. Feb. 3, 2016)

................................................................................................................14

*Connelly v. Lane Const. Corp*, 809 F.3d 780 (3d Cir. 2016) .........................5

*Curley v. Klem*, 499 F.3d 199 (3d Cir. 2014) ...............................................6

*D.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364 (3d Cir.

1992) ...................................................................................................16

*Deary v. Three Un-Named Police Officers*, 746 F.2d 185 (3d Cir. 1984) ...10

*Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159 (3d

Cir. 2010) ...................................................................................... 14, 16

*Groman v. Township of Manalapan*, 47 F.3d 628 (3d Cir. 1995) ...............10

*Hall v. Pennsylvania State Police*, 570 F.2d 86 (3d Cir. 1978) ...................6

*Holt Cargo Sys., Inc. v. Del. River Port Auth.*, 20 F.Supp.2d 803 (E.D. Pa.

1998) ...................................................................................................14

*Illinois v. Gates*, 462 U.S. 213 (1983) .......................................................11

*Jutrowski v. Township of Riverdale*, 904 F.3d 280 (3d Cir. 2018)...............7

*Orsatti v. New Jersey State Police*, 71 F.3d 480 (3d Cir. 1995) ...............10

*Parratt v. Taylor*, 451 U.S. 527 (1981) ..........................................................6

*R.B. v. Hollibaugh*, 2017 WL 663735 (M.D. Pa. Feb. 1, 2017) ...........14, 16

*Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988)...................................6

*Rogers v. Powell*, 120 F.3d 446 (3d Cir. 1997) ...................................10, 13

*Sharrar v. Felsing*, 128 F.3d 810 (3d Cir. 1997)..........................................6

*Shearin v. E.F. Hutton Grp., Inc.*, 885 F.2d 1162 (3d Cir. 1989)...............14

*Smith v. Mensinger*, 293 F.3d 641 (3d Cir. 2002).......................................6

*Smith v. Nat'l Health Care Serv. Of Peoria*, 934 F.2d 95 (7th Cir. 1991)...18

*U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506 (3d Cir. 2007)

.........................................................................................................18

*U.S. v. Yusuf*, 461 F.3d 374 (3d Cir. 2006) ...............................................11

*United States v. Glasser*, 750 F.2d 1197 (3d Cir. 1984)............................10

*United States v. Hensley*, 469 U.S. 221 (1985)...................................11, 13

*United States v. Ritter*, 416 F.3d 256 (3d Cir. 2005)..................................11

*United States v. Vaquiz*, 810 Fed.Appx. 151 (3d Cir. 2020) ......................11

*Williams v. Havens*, 2021 WL 5052259 (M.D. Pa. Nov. 1, 2021) ...........7, 8

## III. Procedural History

On December 7, 2021, Plaintiff filed a Complaint (Doc. 1) against the above-named parties alleging violations of his Federal Constitutional rights. On February 16, 2022, Plaintiff filed an Amended Complaint. (Doc. 21). Motions to dismiss were filed by the parties and briefs were submitted. On or about October 25, 2022, the Court granted some of the motions to dismiss. (Docs. 41, 42). Plaintiff filed a Second Amended Complaint on November 14, 2022. (Doc. 43). The Williamsport Defendants then filed a new motion to dismiss and brief in support on November 28, 2022. (Docs. 45, 46). Undersigned now submits this brief in opposition.

## IV. Statement of Facts

On October 2, 2020, Keven Dent ("Dent") arrested Matthew Thomas Sumpter ("Sumpter") for illegally selling suboxone. (Doc. 43, ¶ 35.) During his arrest, Sumpter offered to provide information to Dent in exchange for reducing and/or eliminating the criminal charges he would face. (Doc. 43, ¶ 38). Sumpter had never worked as an informant for the police or provided any information to police previously. (Doc. 43, ¶ 39). All Defendants were aware that Sumpter had four (4) *crimen falsi* convictions from before October 2, 2020. (Doc. 43, ¶¶ 46–48). Further, Sumpter had used heroin on October 2, 2020 prior to his arrest. (Doc. 43, ¶¶ 40–41).

1

Sumpter informed Dent that he previously purchased heroin from Plaintiff and could do so again. (Doc. 43, ¶ 42). At Dent's direction, Sumpter contacted a person that Sumpter alleged was Plaintiff via telephone to attempt to purchase heroin. (Doc. 43, ¶ 43). However, Dent was not aware of Plaintiff's voice at this time and had no way to verify if Sumpter was in fact communicating with Plaintiff. (Doc. 43, ¶¶ 44–45). Sumpter alleged that he made an agreement to purchase three (3) grams of fentanyl, but no price was discussed. (Doc. 43, ¶ 50). Neither Dent, nor the other Defendants, conducted an independent investigation to determine if the information Sumpter provided was accurate or could be substantiated in any way. (Doc. 43, ¶¶ 44–45, 49).

Prior to seizing Plaintiff, Dent conducting a briefing and informed Defendants Joshua Bell ("Bell"), Clinton Gardner ("Gardner"), Christopher Kriner ("Kriner"), Joseph Hope ("Hope"), and Tyson Havens ("Havens") of his investigation into Sumpter, knowledge regarding Sumpter, investigation into Plaintiff, reasons for wanting to investigate and/or arrest Plaintiff, and a plan to seize Plaintiff was created. (Doc. 43, ¶¶ 51–52). In accordance with the plan created at this meeting, Bell, Gardner, Kriner, Hope, and Havens initiated a traffic stop on Plaintiff's vehicle. (Doc. 43, ¶¶ 52–57). This traffic stop was based entirely upon Dent's interactions with Sumpter and no traffic

violations occurred. (Doc. 43, ¶¶ 69–70). Plaintiff was immediately arrested by Bell, Gardner, Kriner, Hope, and Havens after he stopped his vehicle. (Doc. 43, ¶¶ 55–72). No controlled substances or other contraband was ever found. (Doc. 43, ¶¶ 72, 76–77, 79–82).

Dent then charged Plaintiff with Criminal Use of a Communication Facility, 75 Pa.C.S. § 7512(a) by filing a criminal complaint with Magisterial District Court 29-3-04. (Doc. 43, ¶ 83.) Plaintiff was incarcerated for two hundred and twenty-nine (229) days as a result of this criminal complaint. (Doc. 43, ¶¶ 83–88). On June 25, 2021, the criminal charge brought against Plaintiff was dismissed prior to trial. (Doc. 43, ¶ 91).

## V. Questions Presented[1]

1. Whether Plaintiff pled sufficient facts to demonstrate personal involvement of Bell and Gardner in the alleged constitutional violations?

   **Suggested Answer: Yes.**

2. Whether Plaintiff pled sufficient facts to demonstrate that Bell and Gardner had no probable cause to arrest Plaintiff?

   **Suggested Answer: Yes.**

3. Whether Plaintiff pled sufficient facts to establish an unconstitutional conspiracy claim?

   **Suggested Answer: Yes.**

4. Whether Plaintiff pled sufficient facts to establish false imprisonment?

   **Suggested Answer: Yes.**

5. Whether the inclusion of certain issues dismissed by this Honorable Court in Count V of the Second Amended Complaint is proper under Third Circuit precedent?

   **Suggested Answer: Yes.**

---

[1] Undersigned agrees that there is no private cause of action for violations of the Pennsylvania Constitution in this case and did not raise any private cause of action for violations of the Pennsylvania Constitution in the Second Amended Complaint.

## VI. Argument

Federal Rule of Civil Procedure 8 provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Essentially, the complaint must provide the defendants with fair notice of the claims brought against them. *Id.* When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all factual allegations in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A Plaintiff need not plead detailed factual allegations to survive a motion to dismiss; a Plaintiff must merely state a claim to relief that is plausible on its face. *Id.* "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Connelly v. Lane Const. Corp*, 809 F.3d 780, 786 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).

A. *Plaintiff did sufficiently plead the personal involvement of Bell and Gardner.*

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 n.3 (1981)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.* (citing *Boykins v. Ambridge Area School District*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)).

In *Smith*, the Third Circuit stated that an inmate alleging that he knew the defendants were behind him and they all pushed his head into the wall was sufficient to create a factual dispute justifying the denial of summary judgment for failing to prove personal involvement. *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002). By contrast, in *Sharrar*, a plaintiff alleged that the officer who handcuffed him injured him but could not identify which of the twenty (20) officers at the scene was the person who injured him. *Sharrar v. Felsing*, 128 F.3d 810, 821 (3d Cir. 1997), *abrogated on other grounds by Curley v. Klem*, 499 F.3d 199 (3d Cir. 2014). Since the plaintiff could not

6

identify which of the twenty (20) officers had injured him, the Third Circuit held there was no basis to impose liability. *Id.*

The Third Circuit in *Jutrowski* clarified the distinction between *Smith* and *Sharrar*. *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 290–91 (3d Cir. 2018). They explained that *Smith* involved a factual dispute regarding the extent of each officer's participation since the plaintiff alleged that all of the defendants were involved in the beating. *Id.* at 291. By contrast, *Sharrar* involved a dispute about the possibility of whether each officer participated in the conduct. *Id.* Applying these principles, the Third Circuit found *Jutrowski* did not establish personal involvement when he narrowed his claims to the individuals in his vicinity but was unable to identify the person who struck him. *Id.* at 292 ("Put another way, he admittedly seeks to proceed to trial against at least three defendants who are 'free of liability'. . . .").

Recently, in *Williams v. Havens*, this Honorable Court dismissed claims against Havens wherein the plaintiff failed to allege what conduct Havens undertook personally. *Williams v. Havens*, 2021 WL 5052259, at *3 (M.D. Pa. Nov. 1, 2021). This Court distinguished *Smith* by stating that the Plaintiff did not "allege that *all* the Defendants, including Havens, kicked open their door . . . ." *Id.* (emphasis in original). Instead, the Plaintiff only alleged that Havens interrogated her at the police station and then made broad

allegations that the defendants as a group did certain unconstitutional conduct. *Id.* Again in accordance with *Smith*, this Honorable Court in *Barclay* held that when a Plaintiff alleged that several individuals assaulted him at once but could not identify precisely which Defendant dealt which blow, dismissal was an improper remedy. *Barclay v. Stabley*, 2022 WL 120256, at *6–7 (M.D. Pa. 2022).

This case is distinguishable from *Williams* and more akin to *Smith*. First, Plaintiff specifically alleged that Bell, Gardner, Hope, Kriner, and Havens all took part in Plaintiff's arrest and the unconstitutional conspiracy. (Doc. 43, ¶¶ 33–34, 37, 47–48, 51–72, 80, 99–121, 126, 149–168). These individuals operated as a team and in conjunction with Dent to effectuate the arrest of Plaintiff. (Doc. 43, ¶¶ 33–34, 37, 47–48, 51–72, 80, 99–121, 126, 149–168).

Specifically regarding Bell and Gardner, Plaintiff has alleged the following conduct: (1) they participated in Sumpter's arrest; (2) participated in the briefing with Dent and were aware of the information Dent knew; (3) helped create the plan to arrest Plaintiff; (4) activated the emergency lights on their police vehicles and pulled near Plaintiff's vehicle indicating their intention to seize Plaintiff via a traffic stop; (5) pointed firearms at Plaintiff and shouted various orders to surrender at Plaintiff; (6) Gardner positioned

himself on the passenger side of Plaintiff's vehicle and Bell on the driver side to point their firearms and shout orders; (7) directly participated in the searches after Plaintiff's arrest; and (8) Bell specifically ensured what prison cell Plaintiff would be housed in post-arrest. (Doc. 43, ¶¶ 33–34, 37, 47–48, 51–72, 80, 99–121, 126, 149–168). Bell, Gardner, Hope, Kriner, and Havens all had a direct role in the traffic stop and the arrest; therefore, personal involvement has been sufficiently pled.

Furthermore, when an arrest takes place, often, multiple officers are involved by stopping a vehicle, pointing guns at an arrestee, handcuffing the arrestee, and securing the scene so the arrestee cannot flee. All of these individuals carry out an integral part in the arrest. By contrast, when a person alleges they were struck a single time or injured by one officer, it is clear that only one person was directly involved in the constitutional violation. This is the distinction between *Jutrowski*, *Sharrar*, and this case. Plaintiff was arrested by all of the Defendants because all of the Defendants took actions to make sure Plaintiff was not free to leave and was taken into custody as alleged in the Second Amended Complaint. It is not merely one person who places handcuffs on an individual that is liable for a false arrest.

Based on the foregoing, undersigned respectfully requests that this Honorable Court deny the Defendants' motion to dismiss in its entirety or, in

the alternative, provide Plaintiff with an opportunity to file a Third Amended Complaint.

B. <u>*Bell and Gardner had no probable cause existed to arrest Plaintiff.*</u>[2]

Plaintiff must allege that there was an arrest made without probable cause in order to establish a false arrest claim. *Groman v. Township of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995). The existence of probable cause is generally a factual issue to be decided by a jury. *Id.* at 635 (citing *Deary v. Three Un-Named Police Officers*, 746 F.2d 185, 191 (3d Cir. 1984)). "Probable cause to arrest requires more than mere suspicion; however, it does not require that the officer have evidence sufficient to prove guilt beyond a reasonable doubt." *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482–83 (3d Cir. 1995) (citing *United States v. Glasser*, 750 F.2d 1197, 1205 (3d Cir. 1984)).

"The legality of a seizure based solely on statements issued by fellow officers depends on whether the officers who *issued* the statements possessed the requisite basis to seize the suspect." *Rogers v. Powell*, 120 F.3d 446, 453 (3d Cir. 1997) (citing *United States v. Hensley*, 469 U.S. 221

---

[2] As this Honorable Court held in its previous opinion, the state law claim for false imprisonment largely turns on the same analysis as the false arrest claim. Therefore, Plaintiff believes this argument is also applicable to the state law claim for false imprisonment.

(1985)) (emphasis in original); *see also United States v. Zareck*, 2021 WL 4391393, at *57 (W.D. Pa. 2021) ("The Third Circuit Court of Appeals instructed that '[p]robable cause exists only if the statements made by fellow officers are supported by actual facts that satisfy the probable cause standard.'") (quoting *Rogers*, 120 F.3d at 453) (alterations in original).

"When the probable cause determination involves statements from a confidential informant, those statements form part of the totality-of-the-circumstances analysis." *United States v. Vaquiz*, 810 Fed.Appx. 151, 154 (3d Cir. 2020) (citing *Illinois v. Gates*, 462 U.S. 213, 230 (1983)). "'[I]n making a warrantless arrest, an officer 'may rely upon information received through an informant, rather than upon his direct observations, so long as the informant's statement is reasonably corroborated by other means within the officer's knowledge.'" *Id.* "Informants are not presumed to be credible, and the government is generally required to show by the totality of the circumstances either that the informant has provided reliable information in the past or that the information has been corroborated through independent investigation." *U.S. v. Yusuf*, 461 F.3d 374, 384 (3d Cir. 2006) (citing *United States v. Ritter*, 416 F.3d 256, 263 (3d Cir. 2005)).

Previously, this Honorable Court held that the First Amended Complaint did not sufficiently allege facts demonstrating that Havens, Bell,

Gardner, Kriner, and Hope lacked probable cause in arresting, searching, and/or seizing Plaintiff. (Doc. 41, pg. 6) ("Barasky does not plausibly allege that these Defendants knew that the informant was unreliable or otherwise behaved unreasonably under the standard required for probable cause.").

In the Second Amended Complaint, Plaintiff specifically alleged the following regarding probable cause as it relates to Havens, Bell, Gardner, Kriner, and Hope: (1) they were part of the team that arrested Sumpter on October 2, 2020 and therefore, were aware of his prior criminal record and inebriated state on that date; (2) they were part of a briefing wherein Dent explained his investigation and the plan to arrest Plaintiff was formed; (3) they observed no traffic violations to justify the traffic stop of Plaintiff; (4) they did not observe Plaintiff commit any crime to justify his arrest; and (5) they searched Plaintiff and Plaintiff's vehicle and knew no contraband was found. (Doc. 43, ¶¶ 33–34, 37, 47–48, 51–72, 80, 99–121, 126, 149–168).

Since it is alleged that Havens, Bell, Gardner, Kriner, and Hope knew the same information as Dent prior to Plaintiff's arrest, the same probable cause analysis the Court conducted for Dent applies; no probable cause existed to justify the seizure of Plaintiff. (Doc. 41, pg. 10–11 ("These alleged facts and circumstances, paired with the alleged unreliability of Mr. Sumpter's statements, would not lead a reasonable person to believe that

Barasky had committed or was committing a crime.")).

Furthermore, the Third Circuit has held that whether Bell and Gardner had probable cause for their actions also depends upon whether Dent had probable cause to arrest Plaintiff. *Rogers*, 120 F.3d at 453 (citing *Hensley*, 469 U.S. 221 (1985)). Since what Bell and Gardner knew to attempt to establish probable cause was dependent upon what Dent's statements, if Dent did not have probable cause to seize Plaintiff, neither did the remaining Defendants. *Id.* As this Court has previously ruled, Plaintiff has sufficiently alleged that Dent did not have probable cause. (Doc. 41, pgs. 8–11). Therefore, Plaintiff has sufficiently alleged that none of the Defendants had probable cause to arrest him since the averment confirming that Dent briefed all Defendants on his investigation was added to the Second Amended Complaint.

Based on the foregoing, Plaintiff has sufficiently pled that the Defendants seized Plaintiff without probable cause. Plaintiff respectfully requests that this Honorable Court deny Defendants' motion to dismiss in its entirety or, in the alternative, allow him to file a Third Amended Complaint correcting any deficiencies.

### C. *Plaintiff pled facts to establish an unconstitutional conspiracy.*

Under section 1983, an unconstitutional conspiracy is "'the legal mechanism through which to impose liability on all of the defendants without regard to who committed the particular act.'" *Carbone v. City of New Castle*, 2016 WL 406291, at *4 (W.D. Pa. Feb. 3, 2016) (quoting *Holt Cargo Sys., Inc. v. Del. River Port Auth.*, 20 F.Supp.2d 803, 843 (E.D. Pa. 1998)). In order to state a claim for unconstitutional conspiracy, "a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Id.* (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010)). "'To plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose.'" *R.B. v. Hollibaugh*, 2017 WL 663735, at *13 (M.D. Pa. Feb. 1, 2017) (quoting *Shearin v. E.F. Hutton Grp., Inc.*, 885 F.2d 1162, 1166 (3d Cir. 1989), *abrogated on other grounds*, *Beck v. Prupis*, 529 U.S. 494 (2000)).

In this case, Plaintiff specifically averred the following: (1) Defendants were part of the team that arrested Sumpter and therefore, were aware of Sumpter's prior record and condition; (2) Defendants met prior to the traffic stop on Plaintiff's vehicle and together created the plan to seize Plaintiff

without probable cause; (3) by the end of this meeting, all Defendants should have known no probable cause existed based on the information available to them and presented by Dent but still agreed to follow through with their plan to arrest Plaintiff; (4) Havens positioned himself for surveillance and so he could inform his co-conspirators when they could execute the plan they created; (5) Bell, Gardner, Hope, and Kriner positioned their vehicles as take down vehicles to seize Plaintiff without probable cause; (6) Bell, Gardner, Hope, and Kriner initiated the traffic stop, without the requisite level of cause, on Plaintiff's vehicle by activating their emergency lights and making a show of police authority to demonstrate Plaintiff was seized; (7) Dent ordered and/or encouraged the other Defendants to stop and arrest Plaintiff without probable cause while he waited with Sumpter; (8) all Defendants, with the exception of Dent, pointed firearms at Plaintiff and shouted orders for him to get out of his vehicle despite knowing they had no probable cause to do so; (9) Havens physically pulled Plaintiff out of the vehicle without probable cause; (10) Havens placed handcuffs on Plaintiff and read him his *Miranda* rights[3] without probable cause; (11) all Defendants, with the exception of

---

[3] Plaintiff is not arguing that it violated his constitutional rights when Havens read him his *Miranda* warnings. Rather, the recitation of *Miranda* warnings informs a person that he is specifically under arrest and is also a show of police authority. Therefore, the reading of *Miranda* warnings is relevant to the totality of the circumstances and shows that Plaintiff was formally arrested.

Dent, then searched Plaintiff's person and vehicle without probable cause; (12) Bell ensured that Plaintiff was placed in a specific cell in prison despite knowing he had no probable cause to arrest Plaintiff; (13) Havens and Dent conducted an unconstitutional and warrantless search of Plaintiff's phone subsequent to Plaintiff's unconstitutional arrest; (14) all Defendants continued Plaintiff's detention after knowing that no contraband was found; (15) Defendants transported Plaintiff from the scene of the traffic stop even though they knew probable cause didn't exist; and (16) Dent then omitted material information from the criminal complaint in order to ensure Plaintiff's continued unlawful detention. (Doc. 43, ¶¶ 33–34, 37, 47–48, 51–72, 80, 99–121, 126, 149–168).

These allegations are sufficient to state a claim of unconstitutional conspiracy since they set forth the period of the conspiracy, the object of the conspiracy, and the actions of the alleged co-conspirators to achieve the purpose of the conspiracy. *See Hollibaugh*, 2017 WL 663735, at *13. This fact is buttressed by case law stating that a Plaintiff need only allege facts from which a conspiratorial agreement can be inferred. *Great Western Mining & Mineral Co.*, 615 F.3d at 178 (citing *D.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992)). Plaintiff need

not allege the specific words or conversations between Defendants establishing an unconstitutional conspiracy in order to state a claim.

This Honorable Court previously ruled that while Plaintiff sufficiently alleged the purpose and duration of the conspiracy, he failed to attribute actions to each individual Defendant. (Doc. 41, pg. 18–19). As described *supra*, Plaintiff has cured this defect with the Second Amended Complaint. Importantly, Plaintiff has alleged that a meeting occurred between the Defendants prior to the traffic stop wherein Dent briefed the others on the details of his investigation, that after this briefing, every party should have known no probable cause existed to seize Plaintiff but nonetheless created a plan to seize Plaintiff without the requisite cause, and each Defendant took specific actions to implement the plan created. (Doc. 43, ¶¶ 33–34, 37, 47–48, 51–72, 80, 99–121, 126, 149–168). This fact pattern does not merely allege parallel conduct. Instead, it alleges that a specific plan was created and that each Defendant took specific action to carry out the various steps of the plan (i.e. a conspiracy was created and carried out).

Based on the foregoing, undersigned respectfully requests that this Honorable Court deny the Defendants' motion to dismiss in its entirety or, in the alternative, provide Plaintiff with an opportunity to file a Third Amended Complaint.

D. *Count V of the Second Amended Complaint is an appropriate way to preserve claims for appellate review under Third Circuit precedent.*

"[W]here . . . it would not have been futile to replead dismissed claims but those claims are nevertheless omitted from an amended pleading, the right to challenge the basis for dismissal on appeal is waived." *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 516 (3d Cir. 2007). Repleading is futile when a claim is dismissed with prejudice or when the dismissal is based upon something other than failing to plead with specificity and particularity. *Id.*

> If a party omits a claim from an amended complaint that it would not have been futile to replead, that party can still preserve the claim for appellate review by standing on the dismissed claim despite leaving it out of the amended complaint. We do not adopt a rigid requirement as to what a plaintiff must do to stand on a dismissed complaint. Adding a section to an amended pleading specifically preserving the claim certainly suffices.

*Id.* (citing *Smith v. Nat'l Health Care Serv. Of Peoria*, 934 F.2d 95, 98 (7th Cir. 1991)).

In this case, this Honorable Court dismissed the *Monell* claims filed by Plaintiff for lacking specificity and particularity. (Doc. 41, pgs. 19–25). Therefore, under Third Circuit precedent, repleading would not have been futile. Under *Atkinson*, it is possible that Plaintiff could have waived his rights to challenge the dismissal of the *Monell* claims on appeal if Count V was not included in the Second Amended Complaint. The *Atkinson* Court specifically

held Count V of the Second Amended Complaint is an appropriate way to preserve dismissed claims for appeal, albeit not the only way.

Defendants appear to argue that Count V should be stricken because they believe there are other ways that these claims could be preserved for an appeal. However, Defendants do not get to choose how Plaintiff preserves his claims. Plaintiff has complied with applicable Third Circuit precedent in preserving his dismissed claims and Defendants' personal preferences cannot be substituted for the judgment of the Third Circuit.

Finally, Defendants appear to argue that Count V of the Second Amended Complaint somehow supersedes the Federal Rules of Civil Procedure ("FRCP") and would provide Plaintiff with a way to amend the complaint without complying with the FRCP. This is a frivolous argument without citation to any case law for support. If Plaintiff could change the FRCP by simply putting an averment in a complaint, he would have averred that the Defendants are not permitted to file motions to dismiss under Rule 12 and this brief would be unnecessary. That is an obviously absurd result. The same applies to Defendants' reasoning for requesting that Count V be stricken from the Second Amended Complaint. In seeking any amendment in the future, Plaintiff must comply with the applicable FRCP provisions as

every Plaintiff must.

Based on the foregoing, Plaintiff respectfully requests that this Honorable Court deny Defendants motion to dismiss in its entirety, or in the alternative, permit Plaintiff to file a Third Amended Complaint.

## VII. <u>Conclusion</u>

Based on the foregoing, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion to Dismiss in its entirety. In the alternative, Plaintiff respectfully requests that this Honorable Court provide Plaintiff with an opportunity to amend his complaint to cure any deficiencies.

Respectfully Submitted,

*/s/ Leonard Gryskewicz, Jr.*
Leonard Gryskewicz, Jr.
Attorney for Plaintiff
PA321467
Lampman Law
2 Public Sq.
Wilkes-Barre, PA 18701
Phone: (570) 371-3737
Fax: (570) 371-3838

## **CERTIFICATION OF COUNSEL**

I, Leonard Gryskewicz, Jr., counsel for Plaintiff, hereby certify, pursuant to Local Rule 7.8, that the number of words in this Brief in Opposition is 4,805.

Respectfully Submitted,

*s/ Leonard Gryskewicz, Jr.*

Leonard Gryskewicz, Jr.
Attorney for Plaintiff
PA321467
Lampman Law
2 Public Sq.
Wilkes-Barre, PA 18701
Phone: (570) 371-3737
Fax: (570) 371-3838