IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY BARASKY, | : | CIVIL ACTION – LAW |
| Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | HON. KAROLINE MEHALCHICK |
| | : | (electronically filed) |
| KEVIN DENT; TYSON HAVENS; | : | |
| JOSHUA BELL; CLINTON | : | |
| GARDNER; and JOSEPH HOPE | : | |
| Defendants | : | NO:   4:21-CV-02041 |

## MOTION FOR SUMMARY JUDGMENT

Defendant, Joseph Hope, through his attorneys, Marshall Dennehey, P.C., hereby files his Motion for Summary Judgment, and states as follows:

1. Plaintiff commenced this action by filing a Complaint on December 7, 2021. (Doc. 1).

2. A Second Amended Complaint was filed on November 14, 2022. (Doc. 43).

3. On April 27, 2023, Joseph Hope filed an Answer to the Second Amended Complaint.  (Doc. 64).

4. At the conclusion of discovery, Plaintiff sought leave to file a Third Amended Complaint.

5. The Third Amended Complaint was filed with the Court on May 16, 2024. (Doc. 79).

1

6. Defendant Hope filed an Answer to the Third Amended Complaint on May 30, 2024. (Doc. 82).

7. In accordance with the Amended Scheduling Order (Doc. 84), Joseph Hope now files his Motion for Summary Judgment seeking judgment in his favor.[1] Fed. R. Civ. P. 56.; L.R. 56.1.

8. In reviewing a motion for summary judgment, the court must view the facts and all inferences drawn therefrom in the light most favorable to the non-moving party. Groman v. Township of Manalapan, 47 F.3d 626 (3d. Cir. 1995).

9. The role of the court is not to weigh the evidence and determine the truth of the matter, but to determine whether, construing the facts and inferences therefrom in the light most favorable to the non-moving party, there is a genuine issue for resolution at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

10. A party moving for summary judgment bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

---

[1] 1. Along with co-Defendants in this matter, Defendant Hope relies on, for purposes of his Motion, a Joint Statement of Uncontested Facts along with exhibits in support thereof, incorporated herein by reference.

11.    If the moving party makes such a showing, the burden is on the non-moving party to demonstrate that there is a genuine issue of material fact by coming forward with sufficient evidence from which a reasonable jury could return a verdict for the non-moving party.  <u>United States v. 107.9 Acre Parcel of Land in Warren Township</u>, 898 F.2d 396, 398 (3d. Cir. 1990).

12.    No material facts exist to support Plaintiff's contentions regarding alleged Constitutional violations, or any remaining claims raised in the Third Amended Complaint.

13.    There are no issues of material fact that remain to be resolved, and Defendant Hope is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.

14.    For the reasons stated herein, as well as the reasons more fully articulated in Moving Defendant's supporting brief, to be filed in accordance with the Local Rules for the United States District Court for the Middle District of Pennsylvania, as well as those reasons identified in the Joint Statement of Uncontested Facts filed by the Defendants in this case, both of which are made a part of this Motion and incorporated herein by reference, Defendant Joseph Hope seeks an Order entering summary judgment in his favor and against Plaintiff, Anthony Barasky.

**WHEREFORE,** Defendant, Joseph Hope, respectfully requests this Honorable Court grant his Motion for Summary Judgment and dismiss him from this action.

    Respectfully submitted,

    MARSHALL DENNEHEY, P.C.

By: _____
    Mark J. Kozlowski, Esquire
    Attorney I.D. No:  PA 308676
    P.O. Box 3118
    Scranton, PA  18505-3118
    (570) 496-4600
    MJKozlowski@mdwcg.com

## CERTIFICATE OF SERVICE

I, Mark J. Kozlowski, Esquire, hereby certify that on July 5, 2024, I served a true and correct copy of <u>Defendant, Joseph Hope's Motion for Summary Judgment</u> via CM/ECF, upon the following:

Leonard M. Gryskewicz, Jr., Esquire
Lampman Law
2 Public Square
Ashley, PA  18701

Shawna R. Laughlin, Esquire
William J. Ferren & Associates
P.O. Box 2903
Hartford, CT  06104

Austin White, Esquire
McCormick Law Firm
835 West Fourth Street
Williamsport, PA  17701

Respectfully submitted,

MARSHALL DENNEHEY, P.C.

By: _____
Mark J. Kozlowski, Esquire
Attorney I.D. No:  PA 308676
P.O. Box 3118
Scranton, PA  18505-3118
(570) 496-4600
MJKozlowski@mdwcg.com