# EXHIBIT K

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY BARASKY,  :  Plaintiff  : | |
| : | NO. 4:21-CV-02041 MWB |
| v.  : | |
| : | |
| KEVIN DENT, TYSON HAVENS,  : | |
| JOSHUA BELL, CLINTON GARDNER,  : | Judge Matthew W. Brann |
| CHRISTOPHER KRINER, JOE HOPE,  : | |
| LYCOMING COUNTY, OLD  : | |
| LYCOMING TOWNSHIP, CITY OF  : | |
| WILLIAMSPORT,  : | Complaint Filed 12/07/21 |
| Defendant  : | |

## DEFENDANT TYSON HAVENS' OBJECTIONS AND RESPONSES TO PLATINFF'S COMBINED DISCOVERY REQUEST

Defendant, Tyson Havens ("Defendant"), by and through his attorneys, hereby objects and responds to Plaintiff's first set of interrogatories and request for production of documents as follows:





10. Describe in detail the meeting/briefing that occurred on October 2, 2020 prior to the traffic stop of Plaintiff wherein the investigation into Plaintiff and any traffic stop and/or arrest of Plaintiff was discussed. This includes, but is not limited to, a detailed description of the content of the meeting including any statements, interactions, or communications between Defendant and/or Kevin Dent, Joshua Bell, Clinton Gardner, Christopher Kriner, and Joseph Hope. This also includes, but is not limited to, a description of the location of the meeting, time of the meeting, purpose of the meeting, and any decisions regarding the Incident that were made during the meeting. Identify any individual involved in this meeting.

> **ANSWER:** Subject to the foregoing statement and objections, Defendant responds as follows: The briefing was held to discuss the best way to arrest Plaintiff without risk to citizens, Plaintiff himself, and involved law enforcement, knowing Plaintiff's history of reckless flight. Plaintiff indicated via a consensually monitored telephone call, that he was bringing heroin to Sumpter at Sumpter's residence. Sumpter's residence was located in a development that had one way in and out (small bridge over a creek). It was determined that they would traffic stop and arrest Plaintiff once he committed to crossing the bridge, limiting his avenues of escape. This would also ensure that Plaintiff was already in possession of the heroin and was not on his way to pick it up prior to traveling to Sumpter's residence. The plan was to stage officers along Lycoming Creek Road and locate Plaintiff as he approached Eckard Road and Miller Road. Officers were also to be staged on Eckard Road to the north of Miller Road and to the east side of the bridge on Miller Road so that Plaintiff could not flee into the development once he committed to crossing the bridge.

11. Describe in detail the traffic stop of Plaintiff's vehicle and Plaintiff's arrest during the Incident. This includes, but is not limited to, what the plan was to effectuate the traffic stop and arrest of Plaintiff, how the traffic stop and arrest of Plaintiff was effectuated, Identify what individuals were involved in the effectuation of the traffic stop and arrest of Plaintiff, describe what actions all individuals undertook to effectuate the traffic stop and arrest of Plaintiff, and describe any communications or statements made by Plaintiff or any other individual during the Incident.

**ANSWER:** Subject to the foregoing statement and objections, Defendant responds as follows: information responsive to this request is equally discernable by Plaintiff by reference to the documents being provided by Defendant in response to Plaintiff's requests to produce. By way of further answer, the plan was to take Plaintiff into custody (prior to the drug delivery, and at the location chosen) based on previous encounters with Plaintiff where he had a propensity to flee and put innocent people in danger. For instance, Plaintiff previously fled from being apprehended by Defendant Havens, crashing partway through the side of Kmart, and nearly striking people inside the store. During that previous encounter, a search of Plaintiff's vehicle yielded a large amount of distribution heroin. Further information is described in the attached reports. See also response to Interrogatory 10 above in terms of the plan for how the stop was to be effectuated in a way to reduce the risk of Plaintiff fleeing and endangering others and himself.



## VERIFICATION

I, Tyson Havens, verify that the facts set forth in the foregoing *Answers to Interrogatories* are true and correct to the best of my knowledge, information and belief. I understand that the statements therein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

Date: 08/18/23

Tyson Havens