# EXHIBIT M

WILLIAM J. FERREN & ASSOCIATES
SHAWNA R. LAUGHLIN, ESQUIRE         ATTORNEY FOR
DEFENDANTS
IDENTIFICATION NO. 209987            Joshua Bell, Clinton Gardner
P.O. BOX 2903                        City of Williamsport
HARTFORD, CT 06104-2903
Phone:  570-343-6570
Facsimile: 570-343-5183
Email: slaughli@travelers.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Anthony Barasky, | : | CIVIL ACTION LAW |
| Plaintiff, | : | JURY TRIAL DEMANDED |
| vs. | : | |
| | : | Judge Matthew W. Brann |
| Kevin Dent, Tyson Havens, Joshua Bell, | : | Electronically Filed |
| Clinton Gardner, Christopher Kriner, | : | |
| Joseph Hope, Lycoming County, Old | : | |
| Lycoming Township; and City of | : | |
| Williamsport, | : | |
| Defendant | : | Docket #: 4:21 CV 02041 |

*Defendant, Clinton Gardner's, Response to*
**INTERROGATORIES**



10. Describe in detail the meeting/briefing that occurred on October 2, 2020 prior to the traffic stop of *Plaintiff* wherein the investigation into *Plaintiff* and any traffic stop and/or arrest of *Plaintiff* was discussed. This includes, but is not limited to, a detailed description of the content of the meeting including any statements, interactions, or communications between *Defendant* and/or Kevin Dent, Tyson Havens, Clinton Gardner, Christopher Kriner, and Joseph Hope. This also includes, but is not limited to, a description of the location of the meeting, time of the meeting, purpose of the meeting, and any decisions regarding *the Incident* that were made during the meeting. *Identify* any individual involved in this meeting.

*Defendant does not recall the specifics. However, during the briefing the plan of events, sequence of events, players, etc. were discussed. They specifically discussed the best way to take Plaintiff into custody given his prior history of fleeing and causing damage so as to keep the public safe as the meeting point was in a residential neighborhood with one way in and out. Further, Defendant is not in possession of any information related to this matter as everything was handled through the Lycoming County Narcotics Enforcement Unit. Answering Defendant reserves the right to supplement this response if discovery reveals any relevant information.*

11. Describe in detail the traffic stop of *Plaintiff's* vehicle and *Plaintiff's* arrest during *the Incident*. This includes, but is not limited to, what the plan was to effectuate the traffic stop and arrest of *Plaintiff*, how the traffic stop and arrest of *Plaintiff* was effectuated, *Identify* what individuals were involved in the effectuation of the traffic stop and arrest of *Plaintiff*, describe what actions all individuals undertook to effectuate the traffic stop and arrest of *Plaintiff*, and describe any communications or statements made by *Plaintiff* or any other individual during *the Incident*.

*Defendant does not recall the specifics. The plan had been to stop Plaintiff before he got to the buy location given his history of feeling at a high rate of speed and causing damage in order to keep the public safe. Detective Dent was in communication with the CI as well as the involved officers. He informed the officers when the arrangements had been made. The officers kept a lookout for Plaintiff as they were familiar with him. Plaintiff was stopped and arrested. It is believed that Plaintiff was transported to the police department, searched, and transported to the Lycoming County Prison. Further, Defendant is not in possession of any information related to this matter as everything was handled through the Lycoming County Narcotics Enforcement Unit. Answering Defendant reserves the right to supplement this response if discovery reveals any relevant information.*

